United States District Court
Southern District of Texas
**ENTERED**
August 17, 2021
Nathan Ochsner, Clerk

### UNITED STATES DISTRICT COURT
### SOUTHERN DISTRICT OF TEXAS
### CORPUS CHRISTI DIVISION

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA,** | § | |
| **Plaintiff/Respondent,** | § | |
| | § | |
| **v.** | § | **CRIMINAL NO. 2:17-506** |
| | § | **CIVIL NO. 2:21-76** |
| **CODY ANTHONY HERNANDEZ,** | § | |
| **Defendant/Movant.** | § | |

### MEMORANDUM OPINION & ORDER

Defendant/Movant Cody Anthony Hernandez filed a motion to vacate, set aside, or correct sentence pursuant to 28 U.S.C. § 2255. D.E. 46. Pending before the Court is the United States' (the "Government") Motion to Dismiss (D.E. 53), to which Movant has not responded.

## I. BACKGROUND

Movant pled guilty to being a felon in possession of a firearm in violation of 18 U.S.C. §§ 922(g)(1) and 924(a)(2) and was sentenced to 102 months' imprisonment, to be followed by 3 years' supervised release. Judgment was entered May 17, 2018. Movant did not appeal. He filed the current § 2255 motion on April 10, 2021.

## II. MOVANT'S ALLEGATIONS

Movant's § 2255 motion raises two related claims under the Supreme Court's 2019 decision in *Rehaif*, which held that, "in a prosecution under 18 U.S.C. § 922(g) and § 924(a)(2), the Government must prove both that the defendant knew he possessed a firearm and that he knew he belonged to the relevant category of persons barred from possessing a firearm." *Rehaif v. United States*, — U.S. —, 139 S.Ct. 2191, 2200 (2019). Movant alleges that: (1) in light of *Rehaif*, his guilty plea to a "defective indictment" was "unintelligent and involuntarily entered;" and (2) he received ineffective assistance of counsel because his attorney did not explain to him

what a "federal felony" was and did not move for a continuance while *Rehaif* was pending before the Supreme Court.

### III. 28 U.S.C. § 2255

There are four cognizable grounds upon which a federal prisoner may move to vacate, set aside, or correct his sentence: (1) constitutional issues, (2) challenges to the district court's jurisdiction to impose the sentence, (3) challenges to the length of a sentence in excess of the statutory maximum, and (4) claims that the sentence is otherwise subject to collateral attack. 28 U.S.C. § 2255; *United States v. Placente*, 81 F.3d 555, 558 (5th Cir. 1996). "Relief under 28 U.S.C. § 2255 is reserved for transgressions of constitutional rights and for a narrow range of injuries that could not have been raised on direct appeal and would, if condoned, result in a complete miscarriage of justice." *United States v. Vaughn*, 955 F.2d 367, 368 (5th Cir. 1992) (per curiam). In addition, "a collateral challenge may not do service for an appeal." *United States v. Frady*, 456 U.S. 152, 165 (1982).

### IV. ANALYSIS

A motion made under § 2255 is subject to a one-year statute of limitations, which, in most cases, begins to run when the judgment becomes final. 28 U.S.C. § 2255(f).[2] The Fifth Circuit and the Supreme Court have held that a judgment becomes final when the applicable

---

2.  The statute provides that the limitations period shall run from the latest of:

> (1) the date on which the judgment of conviction becomes final;
> (2) the date on which the impediment to making a motion created by governmental action in violation of the Constitution or laws of the United States is removed, if the movant was prevented from filing by such governmental action;
> (3) the date on which the right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
> (4) the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2255(f).

period for seeking review of a final conviction has expired. *Clay v. United States*, 537 U.S. 522, 531–32 (2003); *United States v. Gamble*, 208 F.3d 536, 536–37 (5th Cir. 2000) (per curiam). Movant's conviction became final on June 1, 2018, the last day to file a timely notice of appeal. *See* Fed. R. App. 4(b)(1)(A)(i). The last day to file a timely § 2255 motion was therefore June 1, 2019, unless he can show that the Supreme Court's *Rehaif* decision was made retroactive to cases on collateral review. *See* 28 U.S.C. § 2255(f)(3).

"In *Rehaif*, the Supreme Court did not explicitly hold that its decision was a newly recognized right retroactively applicable to cases on collateral review, and those appellate courts which have addressed this issue have held that it is not." *Esparsa v. United States*, 2021 WL 2598688, at *2 (N.D. Tex. May 4, 2021), report and recommendation adopted 2021 WL 2592548 (N.D. Tex. June 23, 2021), (citing *United States v. Scuderi*, 842 F. App'x 304, 305 (10th Cir. 2021) ("Rehaif has not been made retroactive by the Supreme Court or any Court of Appeals."); *Mata v. United States*, 969 F.3d 91, 93 (2d Cir. 2020) ("[*Rehaif*] resolved only a question of statutory interpretation and did not announce a rule of constitutional law (much less a new one, or one that the Supreme Court has made retroactive on collateral review or that was previously unavailable)."); *In re Palacios*, 931 F.3d 1314, 1315 (11th Cir. 2019) ("[E]ven if *Rehaif* had announced a new rule of constitutional law, . . . it was not made retroactive to cases on collateral review by the Supreme Court."). *See also Helm v. United States*, 2020 WL 4480868, at *3 (S.D. Tex. June 30, 2020), *report and recommendation adopted*, 2020 WL 4470399 (S.D. Tex. Aug. 4, 2020); *United States v. Saenz*, 2020 WL 1321600, at *2 (S.D. Tex. Mar. 16, 2020); *United States v. Navarro*, 2020 WL 709329, at *3 (S.D. Tex. Feb. 11, 2020); *United States v. Benton*, 2020 WL 132276, at *2 (W.D. La. Jan. 9, 2020). Even if *Rehaif* did announce a new rule of constitutional law made retroactive on collateral review, Movant should have filed his motion

3

within a year of that decision. *Rehaif* was decided on June 21, 2019; therefore the time to file a *Rehaif* claim in a § 2255 motion expired on June 21, 2020. His motion, dated April 10, 2021, is untimely.

## V. CERTIFICATE OF APPEALABILITY

An appeal may not be taken to the court of appeals from a final order in a habeas corpus proceeding "unless a circuit justice or judge issues a certificate of appealability." 28 U.S.C. § 2253(c)(1)(A). Although Movant has not yet filed a notice of appeal, the § 2255 Rules instruct this Court to "issue or deny a certificate of appealability when it enters a final order adverse to the applicant." Rule 11, § 2255 RULES.

A certificate of appealability (COA) "may issue. . . only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). "The COA determination under § 2253(c) requires an overview of the claims in the habeas petition and a general assessment of their merits." *Miller-El v. Cockrell*, 537 U.S. 322, 336 (2003). To warrant a grant of the certificate as to claims denied on their merits, "[t]he petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000). This standard requires a § 2255 movant to demonstrate that reasonable jurists could debate whether the motion should have been resolved differently, or that the issues presented deserved encouragement to proceed further. *United States v. Jones*, 287 F.3d 325, 329 (5th Cir. 2002) (relying upon *Slack*, 529 U.S. at 483–84). As for claims that the court rejects solely on procedural grounds, the movant must show that "jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." *Slack*, 529 U.S. at 484.

Based on the above standards, the Court concludes that Movant is not entitled to a COA on any of his claims. That is, reasonable jurists could not debate the Court's resolution of his claims, nor do these issues deserve encouragement to proceed. *See Jones*, 287 F.3d at 329.

## VI. CONCLUSION

For the foregoing reasons, the Government's motion to dismiss (D.E. 53)[1] is **GRANTED**; Movant's motion to vacate, set aside, or correct sentence under 28 U.S.C. § 2255 (D.E. 46) is **DENIED**; and Movant is **DENIED** a Certificate of Appealability.

It is so **ORDERED** this 17th day of August, 2021.

_____
JOHN D. RAINEY
SENIOR U.S. DISTRICT JUDGE

---

1.  The Government's motion for extension of time to file its motion to dismiss (D.E. 52) is also **GRANTED**.